J-S63022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GEORGE THOMAS CROUSE | |
| Appellant | No. 2288 MDA 2013 |

Appeal from the Judgment of Sentence December 4, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-SA-0000311-2013

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY PANELLA, J.                **FILED NOVEMBER 06, 2014**

Appellant, George Thomas Crouse, appeals from the judgment of sentence for Driving While Operating Privilege is Suspended or Revoked,[1] entered following his *de novo* summary trial on December 4, 2013, in the Court of Common Pleas of Berks County.  We vacate Crouse's judgment of sentence and remand for further proceedings.

Following a summary appeal hearing on December 4, 2013, at which Crouse was not advised of his right to counsel and testified on his own behalf, Crouse was convicted of, *inter alia*, driving under suspension.[2]  The court sentenced Crouse to six months' incarceration and imposed a

_____

[*] Retired Senior Judge assigned to the Superior Court.
[1] 75 Pa.C.S.A. § 1543(a).
[2] The court found sufficient evidence that Crouse was a habitual offender under 75 Pa.C.S.A. § 6301.1.

$1,000.00 fine. Crouse filed a timely *pro se* appeal. In lieu of a Rule 1925(b) statement, Crouse filed a Motion to Stay Sentence. This Court deferred the motion to stay to the trial court and ordered the lower court to conduct an on-the-record inquiry as to whether Crouse wanted counsel.

The trial court then stayed Crouse's sentence. The Berks County Office of the Public Defender entered its appearance on Crouse's behalf. With the appointment of counsel, this Court remanded the recorded to permit appointed counsel to review the record and file a Rule 1925(b) concise statement. Although counsel initially filed a Statement of Intent to File an **Anders/McClendon** Brief, counsel subsequently filed an Application to Amend and Correct Concise Statement Nunc Pro Tunc or in the Alternative for the Superior Court to Relinquish Jurisdiction and Direct that the Trial Court Entertain a Motion to Reconsider Verdict. This Court denied counsel's application without prejudice to seek relief in the trial court. Counsel filed an amended Rule 1925(b) statement. This matter is now ripe for our review.

On appeal, Crouse argues that the trial court erred when it failed to advise him of his right to counsel at the *de novo* summary trial where Crouse faced the possibility of imprisonment if convicted as a habitual

offender under section 1543(a).[3]  Pennsylvania Rule of Criminal Procedure 122, **Appointment of Counsel**, provides in pertinent part:

> (A) Counsel shall be appointed:
>
> (1) in all summary cases, for all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed;

Pa.R.Crim.P. 122(A)(1).  The Comment to Pa.R.Crim.P. 462, **Trial De Novo**, explicitly states that "[n]o defendant may be sentenced to imprisonment or probation if the right to counsel was not afforded at trial."

There is no dispute that Crouse faced the likelihood of imprisonment if convicted as a habitual offender under section 1543(a) and that he was never advised of his right to counsel at the December 4, 2013, summary appeal hearing.  Accordingly, we vacate Crouse's judgment of sentence imposed pursuant to his conviction of Driving Under Suspension, and remand for a new *de novo* trial on that charge only with the benefit of Crouse's appointed counsel.

Judgment of sentence vacated.  Case remanded with instructions. Motion to Amend or Remand is denied as moot.  Jurisdiction relinquished.

_____

[3] Section 6503(a.1) mandates a term of of 30 days to six months' imprisonment where a person is convicted of a sixth or subsequent offense under section 1543(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014